# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARSHALL PAYNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 17 C 7356 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Pro se petitioner Marshall Payne filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons stated below, the Court denies Payne's motion and declines to certify any issues for appeal. 28 U.S.C. § 2253(c)(2).

**Background**

A grand jury returned an indictment charging Payne with felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Payne originally pleaded not guilty and moved to suppress his post-arrest statements and evidence recovered during the search of his car, including two loaded semi-automatic handguns.

At the motion to suppress hearing, evidence revealed that Chicago Police Officers and the U.S. Drug Enforcement Administration were investigating drug trafficking activities in the Chicago area. As part of the investigation, law enforcement obtained court-authorized wire taps and then intercepted communications between Payne and his brother Dwayne Payne. Chicago Police Officer John Dolan testified that he had listened to intercepted calls on November 26, 2012 between Payne

---

[1] Although the docket reflects that Payne filed three motions under 28 U.S.C. § 2255 [1, 5, 25], the motion filed on January 17, 2018 is Payne's memorandum of law in support of his § 2255 motion, and the motion filed on November 8, 2018 is his reply brief.

and his brother, at which time Officer Dolan determined that Payne was headed to the corner of Central Park Avenue and Division Street in Chicago to meet his brother and would have guns concealed under children's costumes in the back of his car.

Officer Dolan and other surveillance officers proceeded to that intersection where Officer Dolan observed Payne in a Chrysler 300 parked on Central Park Avenue. Officer Dolan testified that he saw Payne reach toward the back of the car and relayed this information to the other officers. After these observations, Officer Dolan approached Payne on foot, but Payne began running to a nearby CVS store while locking his car with a key fob. Officer Dolan pursued Payne and saw him throw his keys on to the store's roof. Police then apprehended and handcuffed Payne. According to Officer Dolan, Payne spontaneously admitted that he had two guns in his car and gave verbal consent to search his car.

Chicago Police Officer Edward Zablocki testified that he also observed Payne standing near a Chrysler 300 at the intersection of Central Park Avenue and Division Street. Officer Zablocki then ran the Chrysler's license plate number and found that the car was registered to Payne. After circling the block, Officer Zablocki saw Payne run from his car to the CVS, heard the car horn honk, and saw the car's lights flash as Payne locked the doors. Based on the intercepted calls, Officer Zablocki believed there were guns in the car and decided to stay put until Payne was apprehended. Officer Zablocki testified that he could see costumes in the backseat of the vehicle, but was instructed not to recover the guns or search the car.

Once police recovered Payne's keys, an officer unlocked Payne's car and Officer Zablocki looked under the costumes where he found a TEC-9 millimeter semi-automatic handgun. Another Chicago Police Officer drove Payne's car to the police station where a second TEC-9 millimeter semi-automatic handgun was recovered from the trunk.

2

The Court denied Payne's motion to suppress concluding that the officers had probable cause to arrest Payne and search his car based on the wiretap interceptions, surveillance, and the automobile exception, and that Payne's statements were made voluntarily. Payne then entered into a conditional plea of guilty as to the felon-in-possession count, which allowed him to appeal the motion to suppress ruling. The Court sentenced Payne to a total term of 88 months and Payne appealed.

The Seventh Circuit affirmed the Court's suppression ruling, concluding that law enforcement had probable cause to arrest Payne and search his car and that Payne's post-arrest statements were not a product of interrogation. This § 2255 motion followed. Construing Payne's pro se § 2255 motion liberally, *see Chronis v. United States*, 932 F.3d 544, 554 (7th Cir. 2019), he asserts that his trial counsel was constitutionally ineffective under the Sixth Amendment for failing to present exculpatory and impeachment evidence at his suppression hearing.

**Legal Standard**

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013); *see also Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) ("Motions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process."). To obtain relief under § 2255, a petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Swanson v. United States,* 692 F.3d 708, 714 (7th Cir. 2012) (citation omitted). Because Sixth Amendment ineffective assistance of counsel claims often involve evidence outside of

3

the trial record, such claims may be brought for the first time in a § 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**Discussion**

Payne argues that his trial counsel was constitutionally ineffective at his suppression hearing and that appellate counsel was ineffective for failing to raise certain suppression hearing-related arguments on appeal. *See Schmidt v. Foster*, 911 F.3d 469, 478 (7th Cir. 2018) (en banc) (right to counsel "means more than a lawyer at trial," it "ensures that defendants facing incarceration will have counsel at 'all critical stages of the criminal process.'") (citation omitted). To establish ineffective assistance of counsel in violation of the Sixth Amendment, Payne must show (1) his trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Intercepted Telephone Calls and Numbers*

At the suppression hearing, Officer Dolan testified that Payne used two telephone numbers to communicate with his brother, including numbers ending in 3828 and 7154. In the motion to suppress, Payne's counsel argued that the 7154 number was not connected to Payne until after his arrest, and at the hearing, counsel cross-examined Officer Dolan about the 7154 number calling into question the officer's identification of Payne's voice. In fact, counsel elicited a response from Officer Dolan that he recognized Payne's voice only after police had arrested Payne.

In the motion for reconsideration, Payne's counsel re-argued this issue highlighting the evidence surrounding the 7154 number. Counsel explained that unlike the other intercepted calls where Payne used words such as "bro", "mommy," and "uncle," the 7154 calls had not contained these code words. After hearing counsel's reconsideration arguments, the Court explained:

4

> You made a very thorough argument, a very thorough presentation as you have attempted to do on the motion for reconsideration. But you haven't stated that there's new evidence. You haven't stated that the Court misapplied the law that was available to the Court. You haven't talked about new case law. There's no basis for a motion to reconsider here, and your motion is respectfully denied.

(13 CR 175-1, R. 80, 9/17/14 Tr., at 5-6.)

Despite counsel's thorough presentation calling into question Officer Dolan's recognition of Payne's voice and the use of the 7154 number, Payne takes issue with counsel's performance in regard to perceived inconsistencies in the intercepted telephone calls and numbers. In making his arguments, Payne ignores the other suppression hearing testimony showing that Payne and his brother spoke to each other on multiple telephones with different telephone numbers. Payne also argues that counsel should have fronted the issue that he did not make a certain call on the 7154 phone to his brother, yet Payne admits he called his brother that day.

Finally, Payne's argument that counsel should have subpoenaed records showing that he was the subscriber of both the 3828 and 7154 numbers does not establish ineffective assistance of counsel because it would not have advanced Payne's defense to admit that he was the subscriber to both phone numbers. Payne's claims based on the intercepted phone numbers and calls are without merit.

*Impeachment Evidence and Cross-Examination*

Payne next argues that his counsel was constitutionally ineffective for failing to use the grand jury testimony of arresting Chicago Police Officer Jorge Lopez to impeach Officers Dolan and Zablocki at his suppression hearing. Payne's argument fails because not only is Officer Lopez's grand jury testimony inadmissible hearsay, but under Federal Rule of Evidence 613, a cross-examiner cannot impeach a witness with another person's statement. Any such challenge would have been without merit and "an attorney is not ineffective for failing to raise a meritless argument." *Washington v. Boughton*, 884 F.3d 692, 701 (7th Cir. 2018).

In addition, Payne asserts that his trial counsel was ineffective because he failed to cross-examine Officer Zablocki about his inconsistent hearing testimony, which implied that he tailored his testimony to create a narrative more favorable to the government. This proposed cross-examination in the context of Officer Zablocki's suppression hearing testimony would have been improper argument, and counsel's decision not to assert this line of questioning is presumed to be sound strategy. *See Hicks v. Hepp*, 871 F.3d 513, 525 (7th Cir. 2017) (Under *Strickland*, there is "significant latitude for permissible attorney conduct," and courts presume, "the challenged action might be considered sound trial strategy.") (citations omitted). Payne has failed to overcome this presumption; therefore, this argument is without merit.

*Gang Color Evidence*

Payne also argues that his trial counsel was ineffective because he failed to sufficiently cross-examine Officers Dolan and Zablocki about the gang colors of the Spanish Cobras. To give context, Payne's police report stated that he was wearing Spanish Cobra colors, but he was wearing a red jogging suit and the Spanish Cobra's colors are green and black. At the hearing, Payne's counsel questioned Officer Dolan about the gang colors and Officer Dolan stated that the Spanish Cobra colors were red, white, and green. When counsel questioned Officer Zablocki, however, he testified that the Spanish Cobra colors were green and black and that Payne was wearing red and white at the time of his arrest. Counsel further made the distinction that the police report was in error in the suppression motion and memorandum attaching Payne's affidavit explaining the gang's colors. Therefore, counsel effectively refuted Officer Dolan's testimony regarding the gang colors via Officer Zablocki's hearing testimony and other evidence presented in support of the suppression motion.

Payne next asserts that his counsel was ineffective because he failed to call a gang expert witness, who would have testified that the gang colors for the Spanish Cobras were not red and

white as stated in the police report, along with testimony about gang territories. In general, an attorney's decision to call an expert witness is a matter of strategy. *Bradford v. Brown*, 831 F.3d 902, 915 (7th Cir. 2016). Here, there is a viable strategic reason not to call an expert witness, namely, any such testimony would have been redundant to the fact witness' testimony. Moreover, Payne does not explain how he was prejudiced by counsel's presentation of the gang color evidence, which was only an ancillary concern in the probable cause determination. Payne's gang color arguments fail.

*Failure to Hire an Investigator and to Investigate*

Further, Payne contends that his trial attorney was constitutionally ineffective because he failed to hire an investigator and that his counsel conducted "virtually no investigation." When a petitioner claims his counsel was ineffective for failing to sufficiently investigate his case, the petitioner has the burden of providing the Court with precise, comprehensive information as to what the investigation would have uncovered. *See Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017); *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003).

Instead of providing precise, comprehensive information, Payne vaguely asserts that "had counsel done adequate pre-trial investigations, he would have been able to develop substantial evidence to raise reasonable doubts about the claims the government witnesses presented at [his] suppression hearing." Payne's arguments in his reply brief fare no better where he explained that his "counsel failed to properly and adequately investigate [his] criminal case by interviewing all witnesses, visiting various crime scenes and other relevant locations, examining physical evidence, [and] canvassing and marshalling facts and evidence in [his] defense." Without a more detailed explanation of what a "better" investigation would uncover, Payne's claim is untenable.

*Appellate Counsel*

Last, Payne asserts that his appellate counsel was ineffective because counsel failed to raise the meritless arguments outlined above. Without a meritorious claim, Payne "cannot possibly

demonstrate that he was prejudiced by his appellate counsel's failure to argue such a claim." *Ashburn v. Korte*, 761 F.3d 741, 751 (7th Cir. 2014).

**Certificate of Appealability**

Under § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Payne is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right, which requires him to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 336 (citation omitted).

Because Payne has not demonstrated that reasonable jurists would debate that the Court should have resolved his claims in a different manner, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court denies petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [1, 5, 25.] The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). Civil case terminated.

SO ORDERED

Sharon Johnson Coleman
United States District Judge

DATED: 11/5/2019